IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTONIO HALL, | * | |
| Petitioner, | * | Civil Action No. RDB-14-1693 |
| v. | * | Criminal Action No. RDB-10-0744 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Following a nine-day jury trial in this Court, the *pro se* Petitioner Antonio Hall ("Petitioner" or "Hall") was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count I); Retaliation Against a Witness By Murder, in violation of 18 U.S.C. § 1513(a)(1)(B) and (2) (Count III); Use and Discharge of a Firearm In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count IV); and Possession of Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Count V)[1]. *See* Jury Verdict, ECF No. 85. Subsequently, this Court sentenced Petitioner to three *concurrent* terms of life imprisonment as to Counts I, III, and V, and a *consecutive* sentence of life imprisonment as to Count IV. *See* J., p. 2, ECF No. 97.

Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit has affirmed the Judgment of this Court. *See United States v. Hall*, 506 F. App'x 245, 252 (4th Cir. 2013). Currently pending before this Court is Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255 (ECF No.

---

[1] On the seventh day of trial, the Government dismissed Count II of the Superseding Indictment. *See* ECF Nos. 71 & 72.

125).  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated herein, Petitioner's Motion to Vacate (ECF No. 125)[2] is DENIED.

BACKGROUND

"In early 2008, federal agents conducted an investigation into drug trafficking and related firearm violence in the Westport neighborhood of Baltimore, Maryland."  *United States v. Hall*, 506 F. App'x 245, 247 (4th Cir. 2013).  A man named Kareem Guest ("Guest") cooperated with investigators and provided the FBI with a list of individuals, including Petitioner Antonio Hall ("Petitioner" or "Hall"), who were "involved in drug activities."  *Id.* The investigation led to the arrest and indictment of eight individuals, although Hall was not one of them.  *Id.*  Shortly thereafter, Michael Carithers, an attorney for one of the defendants, obtained a copy of Guest's report and released it to his client.  *Id.*  His client circulated the report in the Westport neighborhood, at which time Hall learned that his name had been mentioned in the report.  *Id.*  "[Hall] then followed Guest on foot and shot him several times, killing him."  *Id.*

"Although a number of people saw [Hall] shoot Guest, no witnesses initially came forward."  *Id.*  "In fact, several witnesses falsely testified before the grand jury that they did not see the murder."  *Id.*  However, "[a]t subsequent grand jury appearances and at [Hall's] trial, the witnesses admitted that they had, in fact, seen [Hall] kill Guest."  *Id.*  "One witness

---

[2] Petitioner has subsequently filed a Motion to Amend his pending Motion to Vacate (ECF No. 148), in which he requests that his sentence be reduced in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Petitioner's Motion to Amend (ECF No. 148) is GRANTED. Accordingly, this Court will consider Petitioner's *Johnson* arguments herein.  However, as discussed *infra*, the *Johnson* decision has no bearing on Petitioner's sentence, and Petitioner has raised no grounds for relief in light of *Johnson*.  Accordingly, Petitioner's additional arguments fail.

explained that she had initially been untruthful to protect her family," while "[a]nother witness stated that he had initially been untruthful because he feared [Hall]." *Id.* Hall was subsequently charged via a Superseding Indictment (ECF No. 35). Prior to trial in this Court, Hall was offered a Rule 11(c)(1)(C) plea agreement, with an agreed sentencing range of 35-45 years imprisonment. Hall rejected the offer, despite being instructed by this Court that he would face a mandatory sentence of life imprisonment if convicted of the murder of Guest (Count III).

As discussed *supra*, Following a nine-day jury trial in this Court, Hall was convicted of Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count I); Retaliation Against a Witness By Murder, in violation of 18 U.S.C. § 1513(a)(1)(B) and (2) (Count III); Use and Discharge of a Firearm In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count IV); and Possession of Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1) (Count V). *See* Jury Verdict, ECF No. 85. Subsequently, this Court sentenced Petitioner to three concurrent terms of life imprisonment as to Counts I, III, and V, and a consecutive sentence of life imprisonment as to Count IV. See J., p. 2, ECF No. 97. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit has affirmed the Judgment of this Court. *See Hall*, 506 F. App'x at 252.

ANALYSIS

I.   <u>Petitioner Has Failed to Demonstrate Prosecutorial Misconduct</u>

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

3

(2007)(citation omitted).   Petitioner contends that he was "deprived of [a] fair trial by intentional prosecutorial misconduct at all stages [of this action]," in violation of his rights under the Fourth, Fifth, and Sixth Amendments to the United States Constitution.   Mot. to Vacate, p. 6, ECF No. 124.   Petitioner claims that the Government "granted immunity outside of the law" to certain Government witnesses without completing the "lawful process" for immunizing witnesses under 18 U.S.C. §§ 6001-6005.   Mem. Supp. Mot. to Vacate, p. 4, ECF No. 129.   Additionally, Petitioner objects that the Government both "granted immunity" and "pa[id] [] funds" to Government witnesses, in violation of 18 U.S.C. § 201(c)(2).   *Id.*

A.    The Government Did Not Improperly Immunize Witnesses

Sections 6002-6003 of Title 18 of the United States Code "allow prosecutors to seek immunity for witnesses in order to obtain testimony in a judicial proceeding."   *United States v. Richardson*, 195 F.3d 192, 196 (4th Cir. 1999).   "Immunity statutes such as these 'have historical roots deep in Anglo-American jurisprudence,' dating back at least to 1710 England and have long existed in every American jurisdiction."   *Id.* (citing *Kastigar v. United States*, 406 U.S. 441, 445-47 & n. 13 (1972)).   However, statutory immunity is but one of several mechanisms available to the Government to secure trial testimony and is only necessary where a witness "refuses . . . to testify."   18 U.S.C. § 6002.   The United States Court of Appeals for the Fourth Circuit has long recognized the Government's freedom to grant informal or "letter" immunity in cases where a witness has not refused to testify.   *See, e.g., United States v. Davis*, 233 F. App'x 292, 294 (4th Cir. 2007); *United States v. Briley*, 770 F.3d 267, 278 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1844 (2015).

4

In this case, none of the Government's eyewitnesses refused to testify against Petitioner. Accordingly, it was not necessary for the Government to obtain statutory immunity in order to secure their testimony against the Petitioner. Attorney Carithers was the only witness who refused to testify, so his attorney sought statutory immunity under Section 6003. Government counsel has since verified that statutory immunity was in fact "sought and obtained" for Carithers, and Petitioner offers no evidence to the contrary. Gov't Response, p. 19, ECF No. 133. Therefore, Petitioner's first argument is without merit.

B.     The Government Did Not Violate 18 U.S.C. § 201(c)(2)

Section 201(c)(2) of Title 18 of the United States Code prohibits giving, offering, or promising "anything of value" to any person "for or because of" that person's trial testimony. 18 U.S.C. § 201(c)(2). However, the United States Court of Appeals for the Fourth Circuit has specifically held in *United States v. Richardson*, 195 F.3d 192, 197 (4th Cir. 1999) that "the government does not violate [Section] 201(c)(2) by granting immunity or leniency or entering into plea agreements to obtain testimony." *Richardson*, 195 F.3d at 197. In doing so, the Fourth Circuit "join[ed] the unanimous conclusion of circuit courts." *Id.* (citing, e.g., *United States v. Lara*, 181 F.3d 183 (1st Cir. 1999); *United States v. Stephenson*, 183 F.3d 110 (2d Cir. 1999); *United States v. Haese*, 162 F.3d 359, 366-68 (5th Cir. 1998)). The Fourth Circuit has further held in *United States v. Anty*, 203 F.3d 305, 311 (4th Cir. 2000) that Section 201(c)(2) "does not prohibit the United States from acting in accordance with long-standing practice and statutory authority to pay fees, expenses, and rewards to informants even when the payment is solely for testimony, so long as the payment is not for or because of any corruption of the truth of testimony." *Anty*, 203 F.3d at 311. Petitioner has made no

suggestion that Government witnesses were paid "for or because of any corruption of the truth of testimony." Accordingly, Petitioner's second argument is also without merit. [3]

II.    Petitioner Has Failed to Demonstrate Misconduct by this Court

Petitioner objects that this Court "allowed [the Government] to control and not [properly] validate immunity for [G]overnment witnesses under [the] law." Mot. to Vacate, p. 8, ECF No. 125.   However, for the reasons discussed *supra*, immunity was properly granted in this case.  Accordingly, Petitioner's first argument fails.  Additionally, Petitioner objects that this Court "became involved in the plea offer process---in such a way that was a threat."  Mem. Supp. Mot. to Vacate, p. 11, ECF No. 129.  Finally, Petitioner objects that he was improperly sentenced to "life sentences on all counts---counts that do not and cannot support a life sentence."  *Id.* at 12.

A.    This Court Did Not Participate in Plea Discussions

"Rule 11(c)(1) [of the Federal Rules of Criminal Procedure] instructs that '[t]he court must not participate in [plea] discussions.' " *United States v. Davila*, 133 S. Ct. 2139, 2143 (2013) (quoting Fed. R. Crim. P. 11(c)(1)).  In assessing Rule 11 errors, a reviewing court must take account of "all that transpired in the trial court."  *Davila*, 133 S. Ct. at 2148.  In this case, the record is clear that this Court never became involved in plea discussions. Petitioner has provided no evidence to the contrary.  On the first day of Petitioner's trial, this Court did make reference on the record to a plea offer the Government had made to

---

[3] Petitioner further objects that the "paid witnesses" in this case were "unindicted co-conspirators" whose "testimony [should have been] stricken from the record since there was no independent evidence by a preponderance of evidence other than their testimony as Rule 801(d)(2)(e) [of the Federal Rules of Evidence] mandates."  Mem. Supp. Mot., p. 7, ECF No. 129.  However, the Government's eyewitnesses in this case were not "co-conspirators" at all.  *See* Gov't Response, p. 12, ECF No. 133.  Accordingly, Rule 801(d)(2)(e) was not applicable to their testimony.  For this reason, Petitioner's additional argument is without merit.

Petitioner that morning.  However, this Court only did so for the purpose of ensuring that the terms of that plea offer had been meaningfully communicated to him.[4]  This Court specifically asked Petitioner if he understood that "federal judges do not participate in any kind of plea discussions between the government and the defendant."  Trial Tr., p. 6, ECF No. 116.  Petitioner stated on the record that he did understand.  *Id.*  This Court further explained that it was "not [its] purpose in addressing [the plea offer] to be in any way involved in plea negotiations."  *Id.*  Accordingly, Petitioner's argument is without merit.[5]

  B.    The Petitioner Was Properly Sentenced

  As discussed *supra*, a jury convicted Petitioner on Counts I, III, IV, and V of the Superseding Indictment.  Subsequently, this Court sentenced Petitioner to life imprisonment as to Count I, life as to Count III to run concurrent with Count I, life as to Count IV to run consecutive with Counts I, III, and V, and life as to Count V to run concurrent with Counts I and III.  J., p. 2, ECF No. 97.

  With respect to Count I, conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, the jury specifically found that the conspiracy charged in Count I involved 280 grams or more of cocaine base.  *See* Verdict Sheet, ECF No. 85.  The maximum penalty for that offense is life.  *See* 21 U.S.C. § 841(b)(1)(A).  Additionally, a life sentence was required as to Count One because Petitioner had four prior

---

[4] This Court's procedure in ensuring that the plea agreement had been communicated to the Defendant was shortly thereafter ratified by the opinions of the United States Supreme Court in *Missouri v. Frye*, 132 S. Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

[5] Petitioner has filed a Motion for Recusal of Judge (ECF No. 130), in which he requests that the undersigned Judge Richard D. Bennett, the trial judge in this case, recuse himself from consideration of the pending Motion to Vacate on account of the alleged misconduct discussed *supra*.  However, as explained herein, it is evident from the record in this case that no misconduct occurred.  Accordingly, Petitioner has established no grounds for recusal.  For these reasons, Petitioner's Motion for Recusal of Judge (ECF No. 130) is DENIED.

convictions for serious drug offenses. *See* Presentence Report, ¶ 74; 21 U.S.C. § 851. As to Count III, retaliation against a witness by murder in violation of 18 U.S.C. § 1513(a)(1)(B) and (2), that offense required a sentence of life imprisonment. *See* 18 U.S.C. § 1111. With respect to Count IV, use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), every sentence imposed for a violation of that section must be consecutive to any other sentence, and all violations of that section have a maximum sentence of life. *See, e.g., United States v. Harrison*, 272 F.3d 220, 225 (4th Cir. 2001). With respect to Count V, possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1), that offense ordinarily carries a maximum sentence of ten years imprisonment. However, Petitioner was found to be an Armed Career Criminal based on his four prior convictions for serious felony drug offenses, mentioned *supra*. Accordingly, 18 U.S.C. § 924(e) authorized this Court to impose a maximum sentence of life imprisonment. Accordingly, all life sentences were properly imposed, and Petitioner's argument fails.

III.   <u>Petitioner Has Failed to Demonstrate Ineffective Assistance of Counsel</u>

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance" prong, of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable

8

professional assistance." *Id.* at 688-89.   The second, or "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial.   *Id.* at 687.

In this case, Petitioner contends that he has been "denied effective assistance of trial counsel at all critical stages of [this] case."   Mot. to Vacate, p. 5, ECF No. 125.   Specifically, he objects that "[c]ounsel failed to understand and advocate the principles of immunity under the law" and "failed to show the jury that some of the so-called government witnesses were not under lawful immunity."   *Id.*   He objects that "[c]ounsel['s] Rule 29 motion was deficient since it failed to show the court that most . . . government witnesses were illegal and unconstitutional."   *Id.*   Additionally, Petitioner objects that he was sentenced to life imprisonment for offenses that "will not support a life sentence under the law" and that his "counsel failed to object to the trial judge becoming involved in a plea offer."   *Id.*   For the reasons discussed *supra*, all of these arguments are without merit.   Immunity was properly granted in this case, Petitioner was properly sentenced, and this Court did not participate in plea discussions.   Accordingly, Petitioner cannot show that his counsel's failure to raise these issues constituted "error." [6]   However, Petitioner further objects that his "counsel failed to adequately and reasonabl[y] explain . . . the ins and outs of the plea offer of a number of years against a mandatory life sentence," an argument not yet addressed herein.   *Id.*

As discussed *supra*, Petitioner rejected a plea offer from the Government on the morning of trial.   Government counsel offered a Rule 11(c)(1)(C) plea agreement, with an agreed sentencing range of 35-45 years imprisonment.   Trial Tr., p. 5, ECF No. 116.

---

[6] Petitioner also argues that his appellate counsel provided ineffective assistance "since the prosecutorial and trial Judge misconduct was not raised on direct appeal."   Mot. to Vacate, p. 9, ECF No. 125.   However, as discussed *supra*, no prosecutorial misconduct occurred in this case, nor did this Court engage in improper conduct.   Accordingly, Petitioner's argument with respect to appellate counsel is similarly without merit.

Contrary to Petitioner's claims, this Court provided him ample time on the morning of trial to review this plea offer with his counsel. *Id.* Shortly thereafter, Petitioner appeared before this Court with his trial counsel, and his trial counsel indicated that "he's not amenable to accepting [the] plea." This Court then proceeded to explain to Petitioner on the record how a Rule 11(c)(1)(C) plea operates, that it would include an agreed sentencing range, and that he would be free to withdraw from the agreement if this Court attempted to sentence him outside of that range. *Id.* at 6-9. Petitioner indicated that he understood the terms of the proposed plea. *Id.* at 9. Additionally, this Court explained to Petitioner on the record that he would be sentenced to life in prison if he went to trial and was convicted on Count III. *Id.* at 11-12. This Court emphasized that there would be "no discretion" with respect to the sentence and that Petitioner would "go to prison for life if . . . convicted of Count [III]." *Id.* At this time, in a clear attempt to stall the proceedings, Petitioner began denying that he understood this Court's instructions. *Id.* This Court carefully repeated these instructions several times, and finally concluded that Petitioner had been adequately advised. *Id.* at 13. Gary Proctor, one of Petitioner's trial attorneys, has subsequently submitted an affidavit in which he confirms that he discussed the plea offer with Petitioner and specifically "urged him to take the plea." Proctor Aff., p. 2, ECF No. 139-1. Petitioner has provided no evidence to the contrary. Accordingly, his final argument is without merit.[7]

---

[7] Petitioner additionally objects that "[c]ounsel failed to conduct a full and fair factual and legal investigation into the case," that "all pretrial motions [ ] were subpar," and that he was "prejudiced . . . concerning suppression of evidence." Mot. to Vacate, p. 5, ECF No. 125. However, he has provided no further basis for this claim besides those arguments rejected *supra*. Accordingly, this additional argument is without merit.

IV.    Petitioner is Not Entitled to Relief Under *Johnson v. United States*, 135 S. Ct. 2551

In his Motion to Amend his Motion to Vacate (ECF No. 148), Petitioner again challenges his sentence, this time "due to a change in law under *Johnson v. United States*, 135 S. Ct. 2551 (2015)."[8]  As discussed *supra*, Petitioner's Motion to Amend (ECF No. 148) shall be granted, and this Court now considers his *Johnson* argument in ruling on the pending Motion to Vacate (ECF No. 125).

As discussed *supra*, "[f]ederal law makes the possession of a firearm by a felon a crime punishable by a prison term of up to 10 years, 18 U.S.C. §§ 922(g), 924(a)(2), but the Armed Career Criminal Act of 1984 ("ACCA") increases that sentence to a mandatory 15 years to life if the offender has three or more prior convictions for a 'serious drug offense' or a 'violent     felony.' "  *Welch v. United States*, 136 S. Ct. 1257, 1259 (2016) (quoting 18 U.S.C. § 924(e)(1)).   "The definition of 'violent felony' includes the so-called residual clause, covering any felony that 'otherwise involves conduct that presents a serious potential risk of physical injury to another.' "  *Id.* (quoting 18 U.S.C. § 924(e)(2)(B)(ii)).  In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the United States Supreme Court held that the "residual clause" of the ACCA was unconstitutional because it failed to provide sufficient notice of the types of violent felonies covered under the ACCA.  The *Johnson* case has absolutely no applicability to this case.  The Petitioner was designated as an Armed Career Criminal based on four prior serious drug offenses and not based on a "violent felony."  Accordingly, Petitioner has stated

---

[8] Following the United States Supreme Court's decision in *Johnson v. United States*, the Federal Public Defender was briefly appointed to review whether Petitioner may have a valid claim for a reduction in sentence under *Johnson*.  *See* Order, ECF No. 145.  However, following that review, the Federal Public Defender withdrew from this case (ECF No. 147).  Subsequently, Petitioner filed his own *pro se* Motion to Amend (ECF No. 148).

no basis for relief under the *Johnson* case.  Therefore, his additional arguments, raised in his Motion to Amend (ECF No. 148), are without merit.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate (ECF No. 125) is DENIED.[9]  Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Petitioner's claim debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated:        November 23, 2016

_____/s/_____
Richard D. Bennett
United States District Judge

---

[9] For the reasons stated herein, Petitioner has raised no grounds for relief from the Judgment of this Court. Accordingly, Petitioner's Motion for Copy Work (ECF No. 124); Petitioner's Motion for Evidentiary Hearing (ECF No. 131); Petitioner's Motion for Hearing and Request for Proper Government Response (ECF No. 134); Petitioner's Second Motion for Hearing and to Appoint Counsel (ECF No. 138); and Petitioner's Motion for Evidentiary Hearing and to Appoint Counsel (ECF No. 143) are DENIED.  Additionally, Petitioner's Motion to Expedite Pending Motions (ECF No. 144) is also DENIED.  This Court has conducted a thorough review of the pending Motions and the parties' submissions.  Petitioner identified no reason for expediting this Court's consideration of the pending Motions.